# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In the Matter of the Application of<br><br>nCHAIN HOLDING AG,<br><br>      Applicant,<br><br>For an Order Pursuant to 28 U.S.C.<br>§ 1782 Directing Discovery for Use in<br>Proceedings in the United Kingdom. | Case No. 1:24-mi-00068-MHC-WEJ |

## NCHAIN HOLDING AG'S BRIEF IN SUPPORT OF ITS APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

On August 20, 2024, this Court granted nChain Holding AG's ("nChain") Application for discovery in aid of a foreign proceeding. *See* Dkt. 9. For months, respondent Eric Finnerud has engaged in gamesmanship to avoid discovery, proffering only contradictory representations, boilerplate objections, and irrelevant and misleading attacks on nChain and its personnel.

The parties first met and conferred on September 10, 2024. Finnerud's counsel listed general objections, but requested more time to respond. On September 19th, Finnerud's counsel emailed another nonspecific list of boilerplate objections. Ex. 1 at 3-5. On September 30th, the document production deadline, Finnerud did not produce documents and instead served a letter, attaching a so-called "privilege and production log" that listed a grab-bag of meritless arguments, and disclosing that Finnerud had filed a state court contract action against nChain. *See* Ex. 2 (correspondence and attachments). After the parties sought court intervention, the Court ordered the parties to meet and confer, Dkt. 13. The parties conferred on October 22, 2024, but were unable to reach resolution because Finnerud now seeks to use this proceeding for tactical advantage in his state court case. *See* Ex. 3.

nChain respectfully requests the Court compel (i) production of all documents collected so far by November 15, 2024; (ii) production of additional documents by November 22, 2024; and (iii) a deposition of Finnerud by December 20, 2024.

1

### A.     Finnerud's Boilerplate Objections Are Meritless

Finnerud has waived his objections to the subpoena. Judge Cohen's Standing Orders Section I.2 "strictly prohibit[]" such "[b]oilerplate objections" and state that "[a]ll such general objections shall be disregarded by the Court." In any event, the objections are meritless:

***There Is No Overbreadth or Undue Burden:*** Finnerud initially asserted that the subpoena create an "undue burden," but now represents there are only a "few dozen" responsive documents. Ex. 1 at 2, 4. These contradictory representations give rise to serious concerns about the completeness of Finnerud's collection, *see* Section B, *infra*—but as a first step, there is no reason he cannot produce the small number of documents and communications he has already collected.

Finnerud also claims that the requests are overbroad because nChain may have some of the documents at issue. But as described in the Application, nChain's former CEO, Christen Ager-Hanssen interfered with nChain's data; a purpose of the Application is to enable nChain to discover records that Ager-Hanssen or his co-conspirators deleted, destroyed, or misappropriated. Dkt. 1-1, at 7-8.

***The Privilege Objection Is Baseless:*** Finnerud asserts privilege to withhold nChain's *own* privileged and confidential information, including by withholding *all* the documents identified on his "Privilege and Production Log," *see* Ex. 2A. Not only does the log fail to identify the basis for any potential privilege, but it appears

that the documents on the log were shared with third parties (including nChain).

***The Confidentiality Objection Is Contrived:*** Finnerud asserts confidentiality as a reason to withhold production, but the documents contain *nChain's* confidential information. In any event, nChain has offered to enter into a protective order, *see* Ex. 4, but Finnerud has refused unless that order also applies to the Georgia state court action. The Georgia action is a separate case, on a separate schedule, and is governed by Georgia's discovery rules. There is no legitimate reason to conflate the two cases.

***The Fifth Amendment Has No Application Here:*** Finnerud invokes the Fifth Amendment, but the right against self-incrimination has no application where the discovery sought creates no basis for fear of prosecution.[1] Furthermore, nChain has represented to this Court (and repeatedly told Finnerud's counsel) that "Finnerud is not expected to be a participant in the claims in England," *see* Dkt. 1-1, at 16.

***Discovery is Not Premature:*** Finnerud has also objected that discovery is premature because nChain has not yet filed litigation against Ager-Hanssen, but it has pursued litigation against Ager-Hanssen's entity Custos. In any event, Section 1782 permits discovery in aid of *anticipated* litigation. *See Intel Corp. v. Advanced*

---

[1] In correspondence, counsel cited *Baumer v. Schmidt*, 423 F. Supp. 3d 393, 400 (E.D. Mich. 2019), which is plainly inapposite: the respondent had been convicted and the subpoena sought "obvious[ly]" "incriminatory" discovery. *Id.* at 401. Finnerud has no such "sound basis for a reasonable fear of prosecution." *Cf. id.* at 405 (citation omitted).

*Micro Devices, Inc.*, 542 U.S. 241, 259 (2004).

### B.     Finnerud's "Self-Collection" Is Improper

In July, Finnerud claimed to have an extensive collection of nChain material, including "emails from nChain executive officers" and counsel, and evidence pertaining to the Fairway Brief.[2] Dkt. 1-28 at 2. Yet Finnerud now claims to have fewer than 100 responsive documents. During the parties' October 22, 2024 meet and confer, Finnerud's counsel disclosed, for the first time, that Finnerud collected potentially responsive documents himself, with no apparent supervision.

The discrepancy between the broad set of documents Finnerud stated he possessed in July, and the small number he has collected, show why "self-collection" by a custodian or witness is improper. *See, e.g.*, *Collins-Williams v. Contour Eastwyck LLC*, C.A. No. 1:20-CV-3129-CAP, 2022 WL 17828934, at *93 (N.D. Ga. Dec. 15, 2022). The risk that responsive documents have been withheld is particularly acute because Finnerud is clearly adversarial towards nChain and has a relationship with Ager-Hanssen. Accordingly, Finnerud's counsel should be ordered to supervise the collection of additional responsive documents.

### C.     This Case Should Not Be Delayed By Finnerud's State Court Case

On October 5, 2024, Finnerud filed a Georgia state court action against nChain

---

[2] The "Fairway Brief" was a collection of nChain confidential material and baseless allegations about nChain's directors, compiled by Ager-Hanssen. *See* Dkt. 1-1 at 4.

4

Holding AG and nChain UK Ltd., and now seeks to use this proceeding to gain an advantage in that case. For example, Finnerud's counsel has said he will seek "reciprocal discovery" of nChain, and wants the deposition of Finnerud in this action to also serve as nChain's deposition of Finnerud in the Georgia action. Section 1782 authorizes discovery in aid of a foreign proceeding and has no "reciprocal" component.[3] The scope and purpose of discovery in the two cases is different; the subpoenas in this case are intended to seek information in aid of foreign proceedings against Ager-Hanssen and his co-conspirators, *not* Finnerud's contract claims against nChain in Georgia. The Court should reject Finnerud's transparent attempt to delay this proceeding and circumvent the Georgia state court's discovery process.

## CONCLUSION

For the foregoing reasons, nChain respectfully requests an order compelling Finnerud to (i) produce collected documents by November 15, 2024; (ii) engage in an attorney-supervised collection and production of additional documents by November 22, 2024; and (iii) appear for a deposition by December 20, 2024.

---

[3] Finnerud's authority for reciprocal discovery, *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101-02 (2nd Cir. 1995), is inapposite. There, *both* parties seeking discovery pursuant to Section 1782 were parties in the foreign proceeding. There is no parallel here. Finnerud is not a party to any foreign proceeding against nChain.

5

Respectfully submitted, this 13th day of November, 2024.

/s/ *John M. Moye*
John M. Moye
Georgia Bar No. 685211
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, Georgia 30326-1092
Tel. 404-846-1693 | Fax 404-264-4033
JMoye@btlaw.com

Rollo C. Baker IV (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Shams Hirji (admitted *pro hac vice*)
ELSBERG BAKER & MARURI PLLC
1 Penn Plaza
New York, New York 10119
Tel. 212-597-2600
rbaker@elsberglaw.com
vtata@elsberglaw.com
shirji@elsberglaw.com

*Attorneys for Applicant*

## CERTIFICATION ON TYPE AND POINT LIMITATIONS

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that the foregoing **nChain Holding AG's Brief in Support of its Application for Discovery Pursuant to 28 U.S.C. § 1782** complies with the font and point selections approved by the Court in Local Rule 5.1(C). This document was prepared on a computer using Times New Roman font (14 point).

Respectfully submitted, this 13th day of November, 2024.

*/s/ John M. Moye*
John M. Moye
Georgia Bar No. 685211

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2024, I electronically filed the foregoing **nChain Holding AG's Brief in Support of its Application for Discovery Pursuant to 28 U.S.C. § 1782** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record.

*/s/ John M. Moye*
John M. Moye
Georgia Bar No. 685211