# Exhibit 1

| | |
|---|---|
| **From:** | Fred Rispoli <fred@hodllaw.org> |
| **Sent:** | Monday, September 30, 2024 8:28 PM |
| **To:** | Vivek Tata; Shams Hirji; Moye, John; Rollo Baker |
| **Subject:** | RE: Finnerud Subpoena: Notice of Objection |
| **Attachments:** | 2024.09.30_corr_to_vivek_re_subpoena.pdf; Exhibit B.pdf; 2024.09.30_corr_to_vivek_re_subpoena_exA.pdf |

Hi Vivek, attached is our response to your subpoena. As set forth in my letter, please let me know your availability for dates for a telephonic hearing with the Court pursuant to the terms of the Order. I am not available until after October 14.

**From:** Fred Rispoli
**Sent:** Thursday, September 26, 2024 9:54 PM
**To:** Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Moye, John <JMoye@btlaw.com>; Rollo Baker <rbaker@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Attached is the proposed confidentiality order and waiver of claims identified in my previous email.

**From:** Vivek Tata <vtata@elsberglaw.com>
**Sent:** Thursday, September 26, 2024 4:37 PM
**To:** Fred Rispoli <fred@hodllaw.org>; Shams Hirji <SHirji@elsberglaw.com>; Moye, John <JMoye@btlaw.com>; Rollo Baker <rbaker@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Fred-

Your response only amplifies our concern about Mr. Finnerud's response to the subpoenas and the insufficiency of the vague, non-specific "objections" we've received to date (which, as you'll recall, the Court ordered be provided by September 14). Your suggestion that there are only "a few dozen" communications that are responsive to our subpoena is entirely inconsistent with your email from September 19th (and our September 10 call), in which you asserted, without any specifics, that a response to the subpoena would be so demanding as to be unduly burdensome. We of course disagree with your unsubstantiated assertion of burden, but clearly you had determined that there were more than "a few dozen" responsive documents.

To address this inconsistency, please describe the search process you have applied to identify responsive documents (including the search terms you applied, if any), and the sources you searched. If you intend to assert a burden objection as an excuse for not producing certain categories of documents, please be specific about the locations of documents, the number of documents withheld based on purported burden, and anticipated cost of producing such documents. We are available to confer regarding these topics in advance of the September 30 production.

Please also confirm that Mr. Finnerud will agree to a deposition after the completion of document discovery, and provide dates on which he will be available.

nChain expressly reserves, and does not waive, all rights.

**Vivek Tata**

Partner & General Counsel [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)

---

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Thursday, September 26, 2024 1:58 AM
**To:** Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Moye, John <JMoye@btlaw.com>; Rollo Baker <rbaker@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

I think we will just have to agree to disagree. It is grossly inaccurate to claim we have not provided you with objections. Combined with you labeling legal objections as mischaracterizations and inaccurate statements, it is hard for me to assume you are acting from a position of good faith. And to remind you, you have a court order based on an *ex parte* application that is riddled with half-truths and material omissions supplied by known perjurers. Fortunately, the Court anticipated this possibility and provided my client with an opportunity to present a complete factual record to the Court.

Nevertheless, I will inform you that under your impermissibly overbroad reading of the subpoena, it looks like there are a few dozen communications in addition to the invoices. A number of the individuals referenced in the document request are unknown to Eric. We will provide our formal response to your request by the deadline of September 30 that will include the objections already stated, a privilege log, and all other requirements under the federal rules regarding discovery.

Tomorrow, I will provide you with a draft confidentiality agreement for your review, as well as a document I am requesting to be signed by Mr. Matthews on behalf of nChain that the company is waiving any and all claims against Eric in relation to your "claim" against a defendant in absentia regarding the alleged confidentiality breach. Your continued reliance on your statement that Eric is "not expected" to be a defendant is significantly different than my repeated request that you state he "will not" be a defendant.

**From:** Vivek Tata <vtata@elsberglaw.com>
**Sent:** Tuesday, September 24, 2024 8:31 PM
**To:** Fred Rispoli <fred@hodllaw.org>; Shams Hirji <SHirji@elsberglaw.com>; Moye, John <JMoye@btlaw.com>; Rollo Baker <rbaker@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Fred,

I will not respond to all of the mischaracterizations and inaccurate statements in your letter, including concerning our September 10, 2024 meet and confer and our application for discovery. You informed us on that meet and confer that you needed more time to understand the documents in your client's possession, custody, and control. It now appears that your client has no intention of complying with the court's order to produce documents in response to the subpoena.

The "objections" in your email remain vague, non-specific, and improper. By way of example only:

- The application seeks documents and communications in connection with claims and potential claims of nChain against (among others) Mr. Ager-Hanssen. Mr. Ager-Hanssen's conduct while at nChain is squarely in issue in the foreign proceedings and potential proceedings nChain may bring. Your allegations about nChain and its

- executives concerning a *different* case are irrelevant to this application and a transparent attempt to distract from the subpoena.
- As set forth in the application, we have reason to believe that Mr. Finnerud possesses nChain's information, including from Mr. Ager-Hanssen, because Mr. Finnerud's prior counsel stated as much. *See* Mem. 10-11.
- Our application states that "Mr. Finnerud is not expected to be a participant in the claims that will be filed in England against the co-conspirators and Custos." Mem. At 16. That remains true. Your email again mischaracterizes our discussion on this point. We would also appreciate a better understanding of how you believe the Fifth Amendment is relevant here.
- Our subpoena specifically provides for a privilege log process if any request would otherwise capture Mr. Finnerud's privileged information, but nChain is of course entitled to its *own* privileged and confidential information, which Mr. Finnerud is now refusing to produce.
- Despite our repeated requests to do so, you have not even attempted to quantify the volume of documents in Mr. Finnerud's possession, custody, or control that are responsive to the subpoena, let alone the purported burden of producing these documents or why certain documents are "inaccessible" due to cost. And as described in our application, nChain suspects that Mr. Ager-Hanssen took nChain's documents and information and interfered with nChain's IT infrastructure—so it is likely that nChain does *not* have all the documents that Ager-Hanssen (or others at nChain) sent to Mr. Finnerud.
- We are willing to enter into an appropriate confidentiality stipulation, but that is no reason to delay producing *nChain's* privileged and confidential information *to nChain*.
- There is no right of "reciprocal" discovery in a Section 1782 proceeding; the case you have cited involved two *parties* to the foreign litigation and is plainly inapposite.

Regrettably, it does not appear that Mr. Finnerud intends to engage in this discovery process in good faith, and by failing to (again) make specific objections he has waived objections to our subpoena. We also do not agree to the prolonged schedule or extensive briefing you propose.

Nevertheless, we are willing to engage in a meet and confer this week to resolve specific, discrete objections or concerns about portions of the subpoena. Of course, Mr. Finnerud remains obligated to produce documents responsive to the subpoena by September 30th, and we are happy to agree on a mutually convenient deposition date in October. Please let us know your position by no later than tomorrow, **Wednesday, September 25** and confirm when this week works for a meet and confer.

Sincerely,


**Vivek Tata**
Partner & General Counsel [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)

---

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Thursday, September 19, 2024 2:15 PM
**To:** Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Hi Vivek,

After having been able to review what Eric has provided, along with the complete ex parte application recently provided by you, I cannot in good conscience provide any information to nChain without either (1) a Court order

3

after reviewing briefing from Eric or (2) a realistic and reasonable scaled-down request from nChain. As it stands now, my initial objections remain and are compounded by a complete review of what nChain presented (and misrepresented) to the Court. Given that nChain did not even provide the complete subpoena package to Eric, he also reserves his rights that nChain has not even properly served him.

As a prefatory matter, Eric objects to the entire subpoena given that is premised on misrepresentations made to the Court by your client. These misrepresentations are substantial and it strains credulity to arrive at any conclusion other than that such misrepresentations were purposeful. I will request the Court quash the entire subpoena once it has the benefit of reviewing a full record. As *some* examples only, your client's ex parte application:

- Failed to inform the Court that the "injunctions" against Christen Ager-Hanssen (CAH) were entirely based on default proceedings where CAH did not have representation or even appear in court to defend the claims.
- Failed to inform the Court that, contrary to your client's assertions in its ex parte application, it is still considering--in bad faith--to lump Mr. Finnerud into the default proceedings you have instituted against CAH.
- Failed to inform the Court that, in collateral litigation contemporaneous with the "injunction" (and actually decided on the merits), a number of your client's executive team were judicially determined to be liars that are currently pending a potential criminal referral for perjury.
- Failed to inform the Court of your client's detailed knowledge of the previous business relationship with Mr. Finnerud and selectively disclosing invoices in your possession and control.
- Failed to inform the Court of the known documents in your client's possession and control that establish all the numerous meetings nChain had with Mr. Finnerud and in all likelihood compromise the bulk of your requests.

Specific objections include:

- <u>Beyond the Scope of Allowed Discovery</u>. You are seeking information that is beyond the scope of information covered in the ex parte application, especially as it pertains to seeking information that is the subject of a business relationship between Eric and nChain the pre-existed your dispute with CAH.
- <u>Overbroad, Vague and Ambiguous</u>. Your definition of "confidential information" is comically overbroad and includes confidential information belonging to Eric and his companies, Sound Alive and Distro Mint. nChain asserts the right to unilaterally designate any "third party" to be in possession of "confidential information" without any objective basis.
- <u>Undue Burden and Expense</u>. This subpoena is in the context of a default proceeding in a foreign jurisdiction that has nothing to do with Eric, at least that is what you informed the Court. You have not provided any answers as to what attempts nChain has made to review its own emails, communications, Microsoft Teams account, document storage system, etc. to determine why you seeking information from Eric that is already in your own possession.
- <u>Relevance</u>. Because of nChain's refusal to define what, if any, confidential information it is seeking, the vast majority of the requests are irrelevant. For example, invoices (RFP No. 15) between Eric and nChain have no bearing on confidential information, nor have you reasonably articulated why you cannot simply pull the invoices in your possession.
- <u>Attorney-Client Privilege</u>. Your requests seek information not only between Eric and his previous attorneys, but also information between nChain's attorneys to Eric. Please advise if you intend to waive nChain's attorney-client privilege in this regard.
- <u>Work-Product Privilege</u>. Your requests seek information that has been prepared in anticipation of litigation.
- <u>Premature Discovery</u>. You are seeking discovery based on a claim in a foreign court that has not even proceeded to discovery in that underlying matter.
- <u>Information Not Reasonably Accessible</u>. Certain information that may be responsive to your request is no longer reasonably accessible to Eric due to undue burden and/or cost.

- <u>Fifth Amendment Privilege</u>. You refuse to state in communications with me, despite a contradictory assertion to the Court, that you are not targeting Eric as a potential co-defendant in your "claims" against CAH. Given the significantly greater restrictions on free speech in the UK versus the US, there is great concern from my client on this point.
- <u>Privacy and Confidentiality</u>. You are seeking confidential information that belongs to my client without any attempt to ensure an appropriate protective order is in place such that he does not need to be concerned about unlawful and inappropriate disclosures of his confidential information by your client.

Giving your client's refusal to articulate any basis to define what is "confidential" information--aside from saying it's "everything"--my client requests discovery from nChain to ascertain any good faith basis you have for such broad requests. In fact, much of the information requested by nChain is the confidential information of my client and his companies, Sound Alive and DistroMint. Seeking reciprocal discovery is permitted under § 1782 especially in situations here where nChain is trying to leverage a default proceeding in the UK against Mr. Finnerud. *See, e.g.*, *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101-02 (2nd Cir. 1995) (holding district court has the discretion under foreign subpoena statute to craft reciprocal discovery). To that end, Mr. Finnerud requests the following from nChain:

1. All Documents and Communications concerning Mr. Finnerud, Sound Alive and/or DistroMint by nChain employees, agents, contractors and/or other representatives. This would include, but is not limited to:
    a. Encrypted text communication programs such as WhatsApp. I know Mr. Matthews is personally fond of using encrypted chat programs to evade disclosures.
    b. Documents and Communications from nChain subsidiaries such as nChain Slovenia.
    c. All press releases, social media posts, articles, conference video and other media published by nChain regarding Mr. Finnerud, Sound Alive and/or DistroMint.
2. All Documents and Communications concerning the business relationship between Mr. Finnerud, Sound Alive and/or DistroMint and nChain employees, agents, contractors and/or other representatives, for which nChain paid (and still owes) a substantial sum. This would include, but is not limited to:
    a. All versions of the Development Agreement between nChain and Mr. Finnerud.

I am also requesting the deposition of Mr. Matthews to discuss what steps, if any, he has taken to locate all the responsive documents that are in the possession and control of nChain. I must also object to the date and time of the unilateral notice of Eric's deposition until we receive further guidance from the Court.

I would like to amicably resolve this matter but given your client's misrepresentations and established penchant for launching non-meritorious claims, I cannot see how we do so without involving the Court. At minimum, it is clear we need a protective order in place.

Pursuant to the Court's protocol, we should contact the Court and request a briefing schedule and the Court's assistance. Given the voluminous misrepresentations by your client in its ex parte application, I will seek permission to provide a substantive brief beyond the requested "short emails" in the Court's order. Please let me know if you have any objections to my request to provide a brief of no more than 20 pages (the length of your ex parte application) to provide a complete factual record to the Court. In terms of hearing times, I will not be available until after October 21 due to child-care issues regarding my newborn son.

I also suggest that we schedule another meet and confer to see if, based on this response, nChain is willing provide a more measured request for information.

Fred

---

**From:** Vivek Tata <vtata@elsberglaw.com>
**Sent:** Tuesday, September 17, 2024 8:36 AM

**To:** Fred Rispoli <fred@hodllaw.org>; Shams Hirji <SHirji@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Fred,

Suffice it to say that we disagree with your characterization of our call, and the vague "objections" you raised—which were generally not tethered to any specific request, and which were without basis because as you conceded you had not yet completed an initial review of the facts or determined what documents your client has in his possession, custody, or control.

We also have not received the update you would provide yesterday. Please provide that update today, including: (i) the size of your client's anticipated document production; (ii) the proposed date by which you will serve written objections so we can confer; (iii) the proposed date you will produce documents responsive to nChain's requests.

nChain expressly reserves, and does not waive, all rights.

Best,

**Vivek Tata**
Partner & General Counsel [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)

---

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Friday, September 13, 2024 12:30 PM
**To:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Hi Shams,

It was nice meeting you, Vivek and John during our call. There may have been a misunderstanding, however, because I had raised several specific objections to the nature of the subpoena, including that it was facially overbroad, vague and ambiguous in that it is improperly conflating "confidential information" in the context of nChain's English court claim with any and all information that was part of the pre-existing business relationship between nChain and Eric. It was also difficult to fully understand the basis for the subpoena as nChain did not include the entire application in the package that was served on Eric (thank you for attaching the rest of the materials). I also had objections based on what is an apparent contradiction in the ex parte application and our conversation, as the former indicated Eric is not part of the "conspiracy" claim in England but during our call you stated you could not rule it out that Eric would be named which, as you noted in your application, is an important factor in any s. 1782 analysis.

I did state that I likely cannot file a full response to the subpoena with all our objections until I have a better understanding the universe of documents that Eric may possess and that my job to do so is made more difficult considering that nChain is not willing to explain how certain requests relate to the limited scope of the subpoena that relates only to breaches in the agreements between certain individuals (Ager-Hanssen and Co.) and entities

(Custos) and nChain regarding confidential information. Again, those agreements that underlie the Court's granting of the ex parte application were not provided to me until yesterday.

In any event, Eric is providing me an update of all the documents that may be responsive to your request and I will get back to you by Monday. Given the short time frame provided the Court to notify nChain of our objections, compounded by the birth of my son two weeks ago, I appreciate your professional courtesy and patience.

---

**From:** Shams Hirji <SHirji@elsberglaw.com>
**Sent:** Thursday, September 12, 2024 8:36 AM
**To:** Fred Rispoli <fred@hodllaw.org>; Vivek Tata <vtata@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Fred,

Thank you participating in Tuesday's call.  To recap what we discussed – you are still getting up to speed on the matter and have not formulated specific objections to nChain's subpoenas.  By this coming Monday, September 16th, you will inform us of the estimated size of Finnerud's anticipated document production and the date by which you will produce documents responsive to nChain's requests, and serve any objections, but you stated you did not think you could make such a production by September 30.  Subject to our client's approval, we are willing to consider a reasonable extension past the 30th. The parties can then litigate your objections (if any).

Also, in the email below that you sent Tuesday ahead of our call, you noted that you do not have various documents referenced in nChain's Application.  All of those documents were filed in connection with nChain's 1782 application and are available on the public docket.  As a courtesy, we are attaching a copy of the filing to this email.

nChain reserves, and does not waive, all rights.

Best,

**Shams Hirji**
Associate [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2614 (o)
347.673.3270 (m)
(he/him/his)
Admitted in California and Ohio only.  Not admitted in New York.

---

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Tuesday, September 10, 2024 3:49 PM
**To:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Hi Everyone, as I'm digging into this in preparation for our call, it seems the documents served on Eric as part of the of the subpoena are incomplete (or at least I don't have them). I have the cover letter, form subpoenas, definitions, RFP, magistrate order and ex parte application. I do not have any of the attached exhibits to the ex

7

parte application, which include: (1) decl of w anderson; (2) decl of s matthew; (3) decl of baker; and (4) all the exhibits of these three declarations which are referenced throughout the application.

Although it looks like the follow are part of exhibits to the referenced declarations above, from the ex parte application reference, I am also requesting: (i) ager-hanssen "consulting agreement" (p.3); (ii) "company statement" (p.6); (iii) the 10/13 and permanent injunctions against ager-hanssen (p.7); and (iv) letters of claim (p.8).

I'm not expecting any of this by our call, just wanted to give you a heads up.

I am happy to receive the above information pursuant to a mutually agreeable protective order. In any event, we will likely need a protective order for any discovery produced from Eric to your clients.

**From:** Fred Rispoli
**Sent:** Tuesday, September 10, 2024 10:25 AM
**To:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Here is the link:

**Fred Rispoli invited you to a Microsoft Teams Meeting:**

**nChain - Finnerud Subpoena Meet and Confer**
Tuesday, September 10, 2024
1:15 PM - 2:00 PM (PST)
Meeting link: nChain - Finnerud Subpoena Meet and Confer | Microsoft Teams | Meetup-Join

**From:** Shams Hirji <SHirji@elsberglaw.com>
**Sent:** Tuesday, September 10, 2024 6:58 AM
**To:** Fred Rispoli <fred@hodllaw.org>; Vivek Tata <vtata@elsberglaw.com>; Moye, John <JMoye@btlaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

I think a video link might be best (assuming it's a link to something like Teams, Zoom, etc.) though I don't expect I'll have the camera on.

Thanks,

**Shams Hirji**
Associate [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2614 (o)
347.673.3270 (m)
(he/him/his)
Admitted in California and Ohio only.  Not admitted in New York.

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Tuesday, September 10, 2024 9:47 AM
**To:** Vivek Tata <vtata@elsberglaw.com>; Moye, John <JMoye@btlaw.com>

**Cc:** Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Sure, no problem. I'll send out the invite but I don't have a conference number. I can either set up a video link or call directly if you give me number. If I call, just give me the numbers to add if there are multiple lines. I think the iphone supports at least 4 total numbers for a call.

---

**From:** Vivek Tata <vtata@elsberglaw.com>
**Sent:** Monday, September 9, 2024 7:19 PM
**To:** Moye, John <JMoye@btlaw.com>; Fred Rispoli <fred@hodllaw.org>
**Cc:** Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

With apologies, I now have a conflict until 4:15. Fred, will you send an invite out for the conference? If so, can you do it at 4:15?

**Vivek Tata**
Partner & General Counsel [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)

---

**From:** Moye, John <JMoye@btlaw.com>
**Sent:** Monday, September 9, 2024 3:32 PM
**To:** Fred Rispoli <fred@hodllaw.org>
**Cc:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Please send a dial in / invite for 3:30.  Thanks.

**John Moye** | Partner
Barnes & Thornburg LLP
3340 Peachtree Rd NE Suite 2900, Atlanta, GA 30326-1092
Direct: (404) 264-4006  | Mobile: (919) 802-4436

*We have moved! Please note our new address.*



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Monday, September 9, 2024 3:28 PM
**To:** Moye, John <JMoye@btlaw.com>
**Cc:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>
**Subject:** [EXTERNAL] RE: Finnerud Subpoena: Notice of Objection

**Caution: This email originated from outside the Firm.**

Yes. 3:30 or later works.

**From:** Moye, John <JMoye@btlaw.com>
**Sent:** Monday, September 9, 2024 9:18 AM
**To:** Fred Rispoli <fred@hodllaw.org>
**Cc:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Understood.  Can you do tomorrow after 3:30?

**John Moye** | Partner
Barnes & Thornburg LLP
3340 Peachtree Rd NE Suite 2900, Atlanta, GA 30326-1092
Direct: (404) 264-4006  | Mobile: (919) 802-4436

**We have moved! Please note our new address.**



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Monday, September 9, 2024 11:42 AM
**To:** Moye, John <JMoye@btlaw.com>
**Cc:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>
**Subject:** [EXTERNAL] RE: Finnerud Subpoena: Notice of Objection

**Caution: This email originated from outside the Firm.**

Today does not work—forgot about some newborn appointments. Does anytime in that range work tomorrow for you?

**From:** Moye, John <JMoye@btlaw.com>
**Sent:** Sunday, September 8, 2024 9:02 AM
**To:** Fred Rispoli <fred@hodllaw.org>
**Cc:** Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>
**Subject:** RE: Finnerud Subpoena: Notice of Objection

Hi Fred- thanks for your e-mail.  I am available for a meet and confer.

I am copying my co-counsel, Vivek Tata and Shams Hirji, on this message so we are all on the same page.

How is tomorrow around 2 pm or so for a call?   Let me know and we can set up a conference line.

Thanks.

**John Moye** | Partner
Barnes & Thornburg LLP
3340 Peachtree Rd NE Suite 2900, Atlanta, GA 30326-1092
Direct: (404) 264-4006  |  Mobile: (919) 802-4436

*We have moved! Please note our new address.*



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Friday, September 6, 2024 5:32 PM
**To:** Moye, John <JMoye@btlaw.com>
**Subject:** [EXTERNAL] Finnerud Subpoena: Notice of Objection
**Importance:** High

**Caution: This email originated from outside the Firm.**

Hi John,

I have been engaged to represent Mr. Finnerud in connection with the subpoena you had served on him on August 28. Pursuant to the Court's order, I'm notifying you of Eric's objection to the document request and notice of deposition and would like to schedule the mandated meet and confer to discuss resolution of these objections. My wife recently delivered our third child so my schedule is a bit chaotic, but my best times so far are generally 12:30p – 3:30p EST next Monday, Tuesday and Wednesday. I know we are supposed to have our meet and confer by 9/11.

Thanks and I look forward to speaking with you. I went to undergrad at Emory and seeing your 404 area code brought back some fond memories of my days in ATL. Also, please let me know who to cc on your end going forward.

Fred


**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.


**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.