# Exhibit 2

hodl law cali #decentralizedjustice

27762 Antonio Parkway	Fred Rispoli, Esq. | Fred@HodlLaw.org
Suite L-1, No. 232	*Admitted in Arizona, California & the Supreme Court of the United States*
Ladera Ranch, California 92694

Office | 213.292.5200
Facsimile | 602.801.2349

*SENT VIA EMAIL*
*(vtata@elsberglaw.com)*

September 30, 2024

Vivek Tata (he/him/his)
Elsberg Baker & Maruri PLLC
1 Penn Plaza
New York, New York

RE:   *In re: Application of nChain Holding AG for an Order Pursuant to 28 U.S.C. § 1782 et al.* Case No. 1:24-MI-00068-MHC-WEJ

Dear Vivek,

Please consider this our formal response to your client's subpoena dated August 28, 2024. As we discussed during our initial teleconference on September 10, 2024 and in subsequent email correspondence, I continue to have significant concerns and objections to the incomplete and misleading record you put before the Court in your ex parte application dated July 15, 2024. Your client's intentions are even more suspect given that it has refused to agree to the confidentiality agreement (or even acknowledge it) I proposed on September 26. Nor is your client willing to budge from its evasiveness to agree to a waiver of any of nChain's "claims" for conspiracy in the United Kingdom (with such waiver also proposed to you on September 26).

Considering this, I cannot in good faith provide any non-public, responsive documents to you before receiving assistance from the Court. To that end, I have created and attached a privilege and production log to accompany these responses. *See* Exhibit A.

**Foundational Objections**

As we have previously discussed, I have several foundational objections to the entire subpoena. These objections call into the question the entire validity of your application given the serial misrepresentations your client made to the Court. These include:

Invalid Service. I do not believe that you have properly served Eric as an initial matter, given that you did not provide the entire ex parte application in your package dated August 28, 2024. Without waiving this objection, we have nevertheless responded to the subpoena in good faith.

Privacy and Confidentiality. You are seeking confidential information that belongs to my client without any attempt to ensure an appropriate protective order is in place such that he does not need to be concerned about unlawful and inappropriate disclosures of his confidential information by your client. Your client has yet to agree to an appropriate confidentiality agreement to protect the intellectual property that Eric has provided to nChain. Given the company's history of a cavalier

hodl law cali #decentralizedjustice

attitude towards its handling of propriety information, I must be assured that your client will take reasonable steps to maintain this confidentiality moving forward.

Misleading Ex Parte Application and Misrepresentation To The Court. Your evasiveness to agree to a waiver of any of nChain's "claims" for conspiracy in the United Kingdom is almost a direct contradiction of your representations to the Court that Eric is not a target defendant. Whether Eric is a party or not is a critical factor in every 28 U.S.C. § 1782 analysis, and your continued refusal to explicitly waive any such claims is alarming.

Beyond the Scope of Allowed Discovery. You are seeking information that is beyond the scope of information covered in the ex parte application, especially as it pertains to seeking information that is the subject of a business relationship between Eric and nChain the pre-existed your dispute with Mr. Ager-Hanssen.

Premature Discovery. You are seeking discovery based on a claim in a foreign court that has not even proceeded to discovery in that underlying matter.

**Specific Objections**

Undue Burden and Expense. This subpoena is in the context of a default proceeding in a foreign jurisdiction that has nothing to do with Eric, at least that is what you informed the Court. You have not provided any answers as to what attempts nChain has made to review its own emails, communications, Microsoft Teams account, document storage system, etc. to determine why you seek information from Eric that is already in your own possession.

Relevance. Because of nChain's refusal to define what, if any, confidential information beyond its impermissibly broad definition provided to a UK court in a default proceeding, the vast majority of the requests are irrelevant. For example, invoices (RFP No. 15) between Eric and nChain have no bearing on confidential information, nor have you reasonably articulated why you cannot simply pull the invoices in your possession.

Information Not Reasonably Accessible. Certain information that may be responsive to your request is no longer reasonably accessible to Eric due to undue burden and/or cost.

Fifth Amendment Privilege. You refuse to state in communications with me, despite a contradictory assertion to the Court, that you are not targeting Eric as a potential co-defendant in your "claims" against Mr. Ager-Hanssen. Given the significantly greater restrictions on free speech in the UK versus the US, there is great concern from my client on this point. After the Court has an opportunity to review Eric's objections, he proposes providing any responsive documents subject to a Fifth Amendment privilege to the Court for *in camera* review.

Vague, Ambiguous and Impermissibly Overbroad. The entire basis alleged in your subpoena was for "confidential information" relating to a third-party agreement between nChain and Mr. Ager-Hanssen based on a vague, ambiguous and impermissibly overbroad definition set forth in a foreign default proceeding. You did not inform the UK court that you would use the case to compel production by foreign nationals nor did you provide Eric an opportunity to object in the UK proceeding *despite knowing you would use that against him*. Moreover, the result of the "injunction" regarding "confidential

information" against Christen Ager-Hanssen stemmed from default proceeding in which your target did not appear nor was he represented by counsel.

Additionally, your "definitions" make no attempt to account for the fact that nChain had a pre-existing business relationship with Eric through Sound Alive and that you are attempting to gain access to Eric's confidential information he provided to nChain under the expectation that nChain would protect the confidentiality of his intellectual property.

<u>Attorney-Client Privilege</u>. Your requests seek information not only between Eric and his previous attorneys, but also information between nChain's attorneys to Eric. Although you have been asked to provide a complete waiver of the attorney-client privilege regarding nChain's attorneys with Eric and any communications regarding him, Sound Alive and DistroMint, you refused to provide a response. For example, communications exist between Eric and nChainn attorneys Dale Evans and Arthur Roberts, which would be protected by the privilege.

<u>Privacy</u>. Certain information responsive to your requests contains personal identifying information and financial information such home addresses and bank account details.

**Responses To Requests For Production**

**Request For Production No. 1**

Eric objects to this request on the basis of all the Foundational Objections and al the Specific Objections. Further, regarding all information that is no longer reasonably accessible to Eric, upon information and belief, Eric communicated on messaging platforms with Mr. Ager-Hanssen that he no longer has access to and lost access prior to receiving the instant subpoena. This is similar to the message platforms Mr. Matthews used to communicate with Mr. Wright. *See, e.g.*, COPA v. Wright, et al., IL-2021-00019, Approved Judgment (5/20/24), at ¶ 168; *see also id.* at ¶ 173 (court describing Mr. Matthews as "considerably more careful in his lies . . . only lying where he had to do so to sustain Dr. Wright's position").

Without waiving these objections, please see Exhibit A.

**Request For Production No. 2**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 3**

Eric objects to this request on the basis of all the Foundation Objections. Without waiving these objections and upon information and belief, Eric does not recognize or know David Brookes, Zafar Alik KC, Endri Gjata, Lars-Jacob Bo or Peter Coulson. Eric did have interactions with Andrew Moody. See also Exhibit A.

**Request For Production No. 4**

Eric objects on the same basis as provided in his response to Request No. 1 and that he is not familiar with the named "Co-Conspirators" besides Andrew Moody. Without waiving these objections, please see Exhibit A.

**Request For Production No. 5**

Eric objects on the same basis as provided in his response to Request No. 1 and that he is not familiar with the named "Co-Conspirators" besides Andrew Moody. Without waiving these objections, Eric is not aware of any responsive documents as he has no recollection of the "Co-Conspirators." See also Exhibit A.

**Request For Production No. 6**

Eric objects on the same basis as provided in his response to Request No. 1. Further, Eric reminds nChain that the Fairway Brief was widely distributed publicly by Mr. Ager-Hanssen. Without waiving these objections, please see Exhibit A.

**Request For Production No. 7**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 8**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 9**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 10**

Eric objects to this request on the basis of all the Foundation Objections. As explicitly set forth in your own request, these are public documents in nChain's possession and control and, facially, have no bearing on the "claim" for conspiracy that served as the basis for your subpoena. Upon information and belief, nChain has destroyed many of these documents and materials that would be responsive to this request in violation of the litigation hold it received on January 29, 2024. *See, e.g.*, Exhibit B. Further, many of these responsive documents would have been accessible via your client's X handles, but most nChain employees have blocked my client from accessing them. *See id.*

**Request For Production No. 11**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

hodl law cali #decentralizedjustice

**Request For Production No. 12**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 13**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 14**

Eric objects on the same basis as provided in his response to Request No. 1. Without waiving these objections, please see Exhibit A.

**Request For Production No. 15**

Eric objects on the same basis as provided in his response to Request No. 1. Moreover, this request is especially frustrating as you seek certain invoices from Eric yet attached other invoices to your subpoena. It is unclear why you only informed the Court of nChain's unpaid invoices to Eric while staying silent on the many invoices nChain did pay to him. Especially considering that you are aware of those invoices and have control of the nChain financial account in which payment was made, it is curious why you omitted this in your application.

Without waiving these objections, Sound Alive would receive wire deposits from nChain UK Limited. See also Exhibit A.

**Request For Court Intervention**

Please let me know your availability for dates for a hearing with the Court pursuant to its Order. Given my need for Court assistance, I will not let Eric sit for a deposition until after we have received clarification from the Court to my objections

Very truly yours,

Fred Rispoli

Cc:   Shams Hirji (shirji@elsberglaw.com)
      Rollo Baker (rbaker@ellsberglaw.com)
      John Moye (jmoye@btlaw.com)

Attachments/
      Exhibit A – Privilege and Production Log
      Exhibit B – Deleted nChain Articles and Employee X Blocks

# Exhibit A

Privilege and Production Log

| No. | Document Date | Document Type | Author | Recipient | Responsive Request No. | Subject/General Description | Privilege / Objection |
|---|---|---|---|---|---|---|---|
| 1 | 12/14/23 | Proposed Agreement | Dale Evans and James Marchant | Eric Finnerud | 1,2,6,9,11,12 | E. Smitty / nChain Transaction Restructure Proposal | Foundational and Specific Objections, including A/C Privilege |
| 2 | 7/28/23 | Image File | Dale Evans | Eric Finnerud | 1,2,6,9,11,12 | DistroMint Investment Structure | Foundational and Specific Objections, including A/C Privilege |
| 3 | 2/20/23 | Email | C. Ager-Hanssen | Eric Finnerud | 1,2,6,9,11,12 | DistroMint Partnership Agreement | Foundational and Specific Objections, excluding A/C Privilege |
| 4 | 7/11/23 | Agreement | Page White & Farrer LLP | Eric Finnerud | 8 | General Power of Attorney | Foundational and Specific Objections, including A/C Privilege |
| 5 | 12/14/23 | Email | Dale Evans and James Marchant | Eric Finnerud | 1,2,6,9,11,12 | Email discussing E. Smitty / nChain Transaction Restructure Proposal | Foundational and Specific Objections, including A/C Privilege |
| 6 | 8/11/23 – 7/9/24 | Text | C. Ager-Hanssen | Eric Finnerud | 1,2,6,9,11,12 | Screenshots (10) of text communications between C. Ager-Hanssen and Eric Finnerud | Foundational and Specific Objections, |

| # | Date | Type | From | To | Bates/Ref | Description | Objections |
|---|------|------|------|-----|-----------|-------------|------------|
| | | | | | | | excluding A/C Privilege |
| 7 | 9/4/23 | Email | Simon Wood | Eric Finnerud | 1,2,6,9,11,12 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 8 | 8/2/23 | Email | Andrew Moody | Eric Finnerud | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 9 | 6/12/23 | Email | Andrew Moody | Eric Finnerud | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 10 | 6/5/23 | Email | Andrew Moody | Eric Finnerud | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 11 | 5/10/23 | Email | Eric Finnerud | C. Ager-Hanssen, Andrew Moody, and Simon Wood | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive amended invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 12 | 5/10/23 | Email | Eric Finnerud | C. Ager-Hanssen, Andrew Moody, and Simon Wood | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive travel expenses | Foundational and Specific Objections, excluding A/C Privilege |
| 13 | 5/10/23 | Email | Eric Finnerud | C. Ager-Hanssen, | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment | Foundational and Specific |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Andrew Moody, and Simon Wood | | of its continuing obligations to pay Sound Alive invoices | Objections, excluding A/C Privilege |
| 14 | 3/12/23 | Email | Eric Finnerud | C. Ager-Hanssen, Andrew Moody, and Simon Wood | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 15 | 4/12/23 | Email | Eric Finnerud | C. Ager-Hanssen, Andrew Moody, and Simon Wood | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 16 | 2/16/23 | Email | Eric Finnerud | C. Ager-Hanssen, Andrew Moody, and Simon Wood | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive amended invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 17 | 2/10-14/23 | Email | Andrew Moody | Eric Finnerud | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices as a contractor | Foundational and Specific Objections, excluding A/C Privilege |
| 18 | 1/5-10/23 | Email | Andrew Moody | Eric Finnerud | 1-3,5,9,11,12 13,15 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices as a contractor | Foundational and Specific Objections, excluding A/C Privilege |
| 19 | 2/24/23 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communication regarding competence of nChain staff | Foundational and Specific Objections, excluding A/C Privilege |

| 20 | 1/5/23 | Email | David Habot | Eric Finnerud | 1-3,5,9,11,12 13 | Communication regarding DistroMint specifications | Foundational and Specific Objections, excluding A/C Privilege |
|---|---|---|---|---|---|---|---|
| 21 | 1/26/23 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 22 | 12/22/23 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 23 | 12/19/22 | Meeting Reminder | David Habot | Eric Finnerud | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 24 | 12/16/22 | Email | Eric Finnerud | Roman Puhek | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 25 | 12/15/22 | Email | Eric Finnerud | Roman Puhek | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 26 | 12/13/22 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, |

| | | | | | | | excluding A/C Privilege |
|---|---|---|---|---|---|---|---|
| 27 | 12/13/22 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communications regarding nChain's acknowledgment of its continuing obligations to pay Sound Alive invoices | Foundational and Specific Objections, excluding A/C Privilege |
| 28 | 12/22/22 | Meeting Reminder | D. Ragos | Eric Finnerud | 1-3,5,9,11,12 13 | Meeting regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 29 | 12/6/22 | Meeting Reminder | D. Ragos | Eric Finnerud | 1-3,5,9,11,12 13 | Meeting regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 30 | 12/6/22 | Meeting Reminder | D. Ragos | Eric Finnerud | 1-3,5,9,11,12 13 | Meeting regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 31 | 12/5/22 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 32 | 12/1/22 | Meeting Reminder | D. Ragos | Eric Finnerud | 1-3,5,9,11,12 13 | Meeting regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 33 | 11/25/22 | Meeting Reminder | D. Ragos | Eric Finnerud | 1-3,5,9,11,12 13 | Meeting regarding DistroMint | Foundational and Specific |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | Objections, excluding A/C Privilege |
| 34 | 11/22/22 | Meeting Reminder | D. Ragos | Eric Finnerud | 1-3,5,9,11,12 13 | Meeting regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 35 | 11/28/22 | Email | Eric Finnerud | C. Ager-Hanssen | 1-3,5,9,11,12 13 | Communication regarding DistroMint | Foundational and Specific Objections, excluding A/C Privilege |
| 36 | 7/2/24 | Email | Thomas Mahon | Eric Finnerud | 8 | Communication regarding DistoMint intellectual property | Foundational and Specific Objections, including A/C Privilege |
| 37 | 11/22/23 | Email | Arthur Roberts | Eric Finnerud | 8 | Communication regarding DistroMint intellectual property | Foundational and Specific Objections, including A/C Privilege |
| 38 | 9/1/23 | Email | Thomas Mahon | Eric Finnerud | 8 | Communication regarding DistoMint intellectual property | Foundational and Specific Objections, including A/C Privilege |
| 39 | 8/28/23 | Email | Thomas Mahon | Eric Finnerud | 8 | Communication regarding DistoMint intellectual property | Foundational and Specific Objections, including A/C Privilege |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 40 | 7/20/23 | Email | Arthur Roberts | Eric Finnerud | 8 | Communication regarding DistoMint intellectual property | Foundational and Specific Objections, including A/C Privilege |
| 41 | 7/12/23 | Email | Thomas Mahon | Eric Finnerud | 8 | Communication regarding DistoMint intellectual property | Foundational and Specific Objections, including A/C Privilege |
| 42 | 7/11/23 | Email | Thomas Mahon | Eric Finnerud | 8 | Communication regarding DistoMint intellectual property | Foundational and Specific Objections, including A/C Privilege |
| 43 | Unknown | Audio Recordings | C. Ager-Hanssen and S. Matthews | C. Ager-Hanssen and S. Matthews | 1-14 | Communication between C. Ager-Hanssen and S. Matthews | Foundational and Specific Objections, excluding A/C Privilege |
| 44 | 2/11/24 | Audio Recordings | Eric Finnerud and D. Evans | Eric Finnerud and D. Evans | 13 | Communication regarding DistoMint and Development Agreement | Foundational and Specific Objections, including A/C Privilege |

\* Approximately 10-20 emails not listed in this document are in possession of Mr. Finnerud, however, his counsel was unable to open those emails without experiencing technical issues. Upon resolution of those technical issues, this log will be updated with those emails.

# Exhibit B



Calvin Ayre ✓
98.8K posts



## Calvin Ayre ✓
@CalvinAyre

You have muted posts from this account. Unmute

# You're blocked

You can't follow or see @CalvinAyre's posts. Learn more

Case 1:24-cv-05244-MHC   Document 16-2   Filed 11/13/24   Page 17 of 20

## Project overview

DistroMint is a revolutionary new blockchain music platform that aims to democratise artist discovery and music distribution. The platform is the brainchild of leading record producer E. Smitty who relied on nChain for our blockchain expertise, development and IP services needed to support his vision.

Our 200+ staff technology team drew on previous experience in designing and building Web3 music platforms to deliver DistroMint. We were also able to draw on the expertise of our wider ecosystem partners, Asset Layer and HandCash, to provide minting and authentication services that support the success of DistroMint's NFT and token-based platform.

## What is DistroMint?



DistroMint is a music platform for artist distribution and discovery, providing fairer opportunities for artists to distribute their music across every major platform, including Spotify, Apple Music, and Tidal, and generate revenue from multiple sources. In addition, DistroMint Marketplace allows artists and their fans to join the new era of collecting and investing in music by enabling the minting and trading of authentic and unique NFTs. Through the democratisation of music distribution and discovery, our development of the DistroMint platform marks another use case



## James Marchant ✓
@JamesRMarchant

You have muted posts from this account. Unmute

# You're blocked

You can't follow or see @JamesRMarchant's posts. Learn more



