# Exhibit 3

| | |
|---|---|
| **From:** | Vivek Tata |
| **Sent:** | Friday, November 1, 2024 10:14 AM |
| **To:** | Fred Rispoli; Mark Nonni; Moye, John |
| **Cc:** | Rollo Baker; Shams Hirji |
| **Subject:** | RE: Activity in Case 1:24-mi-00068-MHC-WEJ In the Matter of the Application of nChain Holding AG for an Order Pursuant to 28 U.S.C. § 1782 Directing Discovery for Use in Proceedings in the United Kingdom Order |

Fred,

We're going in circles. You have persisted in mischaracterizing our positions and providing contradictory, vague and non-specific objections, and have now attempted to forestall a subpoena by filing a separate litigation. It's clear that we're at an impasse, and there's no point in drawing this out. Please let me know which days work for you for a hearing and we can call the court today.  For hearing dates, I can be available next week Monday, Thursday, or Friday, or the following week on most days and times that are convenient for the Court.

So our positions are clear:
- As we've *repeatedly* stated—nChain cannot be certain that the records we have are complete or accurate due to Mr. Ager-Hanssen's conduct.   You have asserted a burden objection when your client's improper self-search turned up fewer than 100 documents.  (It is a separate issue that your client's self-collection is improper and insufficient, and we reserve all rights in that respect).
- I did not state that we have "not taken any action to review the extensive pre-existing business relationship between Eric and nChain," and you know your assertion is false in part because in the very next paragraph you contradict yourself and acknowledge that we have "reviewed … communications between [nChain] and Eric."  What I stated was that I am not authorized to represent nChain in connection with the Georgia case your client has filed.  I am sure that you understand that an attorney can be authorized for a client in some matters, and not others.  The subpoena asks for documents and testimony in connection with third parties, for a foreign proceeding. It is not a means of disputing or resolving your client's purported claims against nChain, despite your efforts to conflate the two.
- There is no purpose in debating, again, whether your client can assert privilege to withhold communications he had with nChain and nChain's attorneys.  We can raise this issue with the Court.
- Thank you for providing *Baumer*, the case related to the Fifth Amendment assertion of privilege—a case concerning a respondent who showed that a subpoena could elicit testimony showing that he may have committed perjury or other crimes *in the United States* and for which he had a legitimate fear of further prosecution *in the United States* (he was imprisoned at the time).  If you would like to tell us what criminal liability your client faces in the United States, so we can assess your position as the court did in *Baumer*, please do so.  Otherwise, we're happy to take this up with the Court.
- Since you have conceded that the documents at issue involve nChain personnel, there is no reason to withhold them *from nChain* on the basis of confidentiality, and the document should be produced immediately.  Furthermore, as we stated, the confidentiality order already permits your client to use documents he possesses in other actions. There is therefore no legitimate basis to try to reference the putative Georgia case in the stipulation, *except* to try and link the two different cases.  As I have already stated, we do not represent nChain in the Georgia case, and would assume that the judge and/or counsel in that case will have their own views on an appropriate confidentiality order, when and if discovery begins.

nChain reserves, and does not waive, all rights.

**Vivek Tata**
Partner & General Counsel [Bio]

_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)

---

**From:** Fred Rispoli <fred@hodllaw.org>
**Sent:** Wednesday, October 30, 2024 5:04 PM
**To:** Vivek Tata <vtata@elsberglaw.com>; Mark Nonni <mark@noho.law>; Moye, John <JMoye@btlaw.com>
**Cc:** Rollo Baker <rbaker@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: Activity in Case 1:24-mi-00068-MHC-WEJ In the Matter of the Application of nChain Holding AG for an Order Pursuant to 28 U.S.C. § 1782 Directing Discovery for Use in Proceedings in the United Kingdom Order

Hi Vivek, thank you for attempting to memorialize our conversation last week. Although I'm sure you did your best, you made several errors in both transcription and legal analysis, which I will correct here:

First, you admitted that you have not taken any action to review the extensive pre-existing business relationship between Eric and nChain and, apparently, do not have authority from your client to take any action outside the very narrow scope for which you have been retained. You also repeatedly stated you are not retained to act on behalf of nChain in any way in the context of the Georgia civil action against your client. I'm not sure if this is poor strategy on your client's part or just a bad faith attempt to delay or derail the proceedings as it is impossible to address your "subpoena" without reference to the business relationship that pre-dated it.

Second, you conceded that you have reviewed all the communications between your client's employees/agents and Eric yet have refused to identify what you have recovered and why Eric needs to burden himself preparing information you already possess. This is the basis for our burdensome objection--your client's recalcitrance--and has been upheld by courts on similar occasions. *See, e.g.*, *Baumer v. Schmidt*, 423 F.Supp.3d 393, 409-10 (E.D. Mich. 2019). As we have routinely requested, we need you to identify every method you have taken to gather documentation pertaining to Eric and, at this point, we believe it will be necessary for counsel to supervise the manner in which nChain has performed its search.

Third, because you do not seem to have any understanding of the lengthy business relationship between Eric and nChain, you fundamentally misunderstand the attorney-client privilege. Admittedly, I am not sure how it works in New York, but in Georgia the fundamental elements are (1) a communication, (2) made between privileged persons, (3) in confidence, (4) for the purpose of obtaining or providing legal assistance. As set forth in our discovery objections log, there are communications between Eric and legal counsel at nChain discussing confidential legal assistance regarding the DistroMint joint venture. This was a 50/50 venture between Eric and nChain and Eric was always told by nChain that these were shared lawyers for the purposes of the project.

Regarding the Fifth Amendment privilege, I would like to remind you that a foreign subpoena is not bestowed with enhanced powers outside of the Rules of Civil Procedure. Not only is this expressed in the statutory language of § 1782(a) but the case law supports this basic premise as well. "[A]ny and all ... limitations upon discovery that would be available under Fed.R.Civ.P. 26 (particularly subparagraphs (b) and (c)), pertaining both to privileged and trial preparation matters and to protective orders, are also available under section 1782(a)." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 n.4 (2d Cir. 1995). The Fifth Amendment privilege against self-incrimination may be invoked in the course of any proceeding, criminal or civil. *See Kastigar v. United States*, 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). It is broadly construed "to assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action[.]" *Maness v. Meyers*, 419 U.S. 449, 461, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). The Fifth Amendment privilege has been regularly upheld in the context of § 1782 proceedings. *See, e.g.*, *Baumer v. Schmidt*, 423 F. Supp.3d at 399. Regarding Eric's deposition, it would be helpful, in order to see if a blanket objection is necessary, if you provided a list of proposed deposition questions. Alternatively, it would be helpful if you will agree to

refrain from asking any questions that address the pre-existing business relationship with nChain that forms the basis of the pending civil claim, especially given your attestation that you do not represent nChain on these issues.

Far from a conspiracy theory, your client's refusal to waive any purported claims against Eric beyond your client's own "good word" is hardly assuring considering that a significant portion of the executives at nChain are serial perjurers that a UK judge has already determined will engage in consistent lying to support their self-interest. On this note, you have also failed to provide any update on the status of the criminal perjury referrals pending against your client as well as the "pending" legal action for conspiracy against Mr. Ager-Hanssen that you have yet to explain why it has not been filed.

In any event, I am attaching an updated copy of the proposed Confidentiality Order which includes the definition of the civil proceedings pending against your client in state court in Georgia. Once executed, we do not have any objections to producing those responsive documents that pertain to the business relationship between Eric and nChain, excluding communications between Eric and nChain attorneys subject to attorney-client privilege.

---

**From:** Vivek Tata <vtata@elsberglaw.com>
**Sent:** Monday, October 28, 2024 7:18 AM
**To:** Fred Rispoli <fred@hodllaw.org>; Mark Nonni <mark@noho.law>; Moye, John <JMoye@btlaw.com>
**Cc:** Rollo Baker <rbaker@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: Activity in Case 1:24-mi-00068-MHC-WEJ In the Matter of the Application of nChain Holding AG for an Order Pursuant to 28 U.S.C. § 1782 Directing Discovery for Use in Proceedings in the United Kingdom Order

Fred:
I write to memorialize our call last week and to ask (again) for any authority to support the meritless positions you have taken.

It is evident from our discussion that your client is engaged in an effort to delay or derail these proceedings.  Accordingly, if you will not agree by tomorrow, **Tuesday, October 30, 2024** to (i) produce the documents you have collected by no later than Friday, November 1, 2024; and (ii) agree your client will sit for a deposition on or before November 30, 2024, please provide dates on which you are available for argument and we can jointly contact the court on Wednesday to schedule a hearing, as ordered by the court.

1. **Document collection and burden:** You asserted that, based on your client's identification of and self-collection of documents, the only responsive documents were the documents listed on Appendix A to your letter to the Court, approximately 20 emails you claim to have trouble opening, and approximately 20 additional documents related to a company called Handcash.

    I noted that this collection of less than 100 documents was inconsistent with your repeated assertions of burden.  You asked whether nChain had reviewed its own documents with your client. I confirmed that it had, but explained that (as described in our opposition) Ager-Hanssen's actions have made it impossible for nChain to be certain about whether it has responsive documents.

    Your answers on the call confirm our view that any assertion of burden is pretextual and improper and there is no basis to withhold production of documents.  We request, again, that you comply with the subpoenas and promptly produce the responsive documents, if necessary subject to the confidentiality stipulation described below.  For the avoidance of doubt, nChain does not agree that your client's "self-collection" is appropriate, and reserves all rights to demand an appropriate collection, supervised by counsel.

2. **Privilege:** I asked you to explain your assertion of privilege, and you confirmed that you were asserting privilege over *documents between our client and Mr. Finnerud*. We asked you for any authority supporting this extraordinary invocation of privilege; we have yet to receive it.

3

3. **Fifth Amendment:** I asked you to explain your client's assertion of the right against self-incrimination as a grounds to withhold production of documents in response to a subpoena issued in connection with *foreign civil proceedings*.  Again, you claimed to have authority supporting the assertion of the Fifth Amendment in such circumstances, but have not provided that authority.

4. **Confidentiality:** We are attaching a proposed revised version of the confidentiality agreement we sent you; you indicated on the call that this agreement was acceptable but that you wanted to reserve the right to use documents produced in this action in any civil action in Georgia.  The agreement already provides that it does not purport to limit a producing party's right to use its own documents (see Section 16) and our further edit to Section 6 makes that even clearer.  Please confirm you accept these edits to the agreement and we will proceed to file it after coordinating with Mark for his signature.

5. **Waiver:** You have again purported to condition your compliance with the subpoenas on our client's waiver of claims against your client in the UK proceedings. As we have (repeatedly) stated, your client is not a target of the UK proceedings and you have no basis to assert otherwise. Your conspiracy theorizing that nChain is pursuing your client in the UK is baseless.  Instead, it is *your client who threatened and initiated litigation* against nChain in the United States.  There is no requirement or authority stating that a party issuing a third-party subpoena must forever waive potential claims in exchange for receiving discovery.  If you have authority to the contrary, we ask (again) that you please provide it.

6. **Deposition**: We asked you to confirm that your client would comply with the deposition subpoena, but you listed two new demands: that we either produce documents to your client or agree that the deposition would also serve as your client's deposition in the Georgia case he recently filed.  As I stated on our call, we do not represent nChain in respect of litigation your client asserts he filed in Georgia against nChain, and we will not agree to any improper attempts to combine the cases.  Your purported conditions makes clear that it is *your client, not nChain*, who seeks to misuse these proceedings to circumvent discovery in other cases.  The demand is inappropriate and we reiterate that, as with any other subpoena, there is no "reciprocal" right to discovery.

This continued gamesmanship to avoid the subpoenas must stop.  If your client will agree to comply with the subpoenas, let me know by tomorrow.  Otherwise, we will plan to contact the Court on Wednesday with dates for a hearing.  nChain expressly reserves, and does not waive, all rights.

**Vivek Tata**
Partner & General Counsel [Bio]
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)

**From:** Vivek Tata
**Sent:** Wednesday, October 16, 2024 4:49 PM
**To:** Fred Rispoli <fred@hodllaw.org>; Mark Nonni <mark@noho.law>; Moye, John <JMoye@btlaw.com>
**Cc:** Rollo Baker <rbaker@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** FW: Activity in Case 1:24-mi-00068-MHC-WEJ In the Matter of the Application of nChain Holding AG for an Order Pursuant to 28 U.S.C. § 1782 Directing Discovery for Use in Proceedings in the United Kingdom Order

Fred, Mark:

Please let us know when you are available to meet and confer, as directed by the Court.  I have good availability Monday and Tuesday of next week.

**Vivek Tata**
Partner & General Counsel [Bio]

_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2607 (o)
202.230.6816 (m)
(he/him/his)