# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>APPLICATION OF NCHAIN HOLDING AG FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 DIRECTING DISCOVERY FOR USE IN PROCEEDINGS IN THE UNITED KINGDOM | CIVIL ACTION FILE NO.<br><br>1:24-mi-00068-mhc-wej<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Pursuant to Fed. R. Civ. P. Rule 26(c), and for good cause shown, the Court hereby issues this Consent Protective Order with respect to confidential information that may be shared by Eric Finnerud ("Finnerud") with nChain Holding AG ("nChain") in the above-captioned matter. This Court finds that good cause exists for the issuance of this order to protect any confidential information from improper disclosure.

IT IS HEREBY ORDERED that confidential information described in this Order shall be protected and governed as follows:

A.  The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, and compilations derived therefrom that is proprietary, a trade secret or otherwise sensitive non-public information of the Producing Party, and that its unrestricted disclosure would damage the Producing Party.

B.  The term "Materials" will include, but is not being limited to documents, correspondence, memoranda, email, reports, summaries, letters, worksheets, recordings,

photographs, motion pictures, audio files, notes of discussions with third parties, other notes, instructions, disclosures, other writings, and electronically stored data and records.

C. The term "Counsel" will mean all counsel of record who have appeared on behalf of any party, as well as any attorneys, paralegals, secretaries, and other support staff who are working with counsel of record. "Counsel" shall also include all attorneys (including, for avoidance of doubt, barristers and solicitors), paralegals, secretaries, and other support staff who are engaged or may be engaged in connection with the Foreign Proceedings.

D. The term "Foreign Proceedings" shall mean all pending and potential foreign proceedings against Christen Ager-Hanssen, companies or entities under his direction or control, and persons alleged or discovered to have conspired with him (such pending and potential foreign proceedings together, the "Foreign Proceedings").

E. The term "Producing Party" means a party or non-party in the above-captioned matter that produces or discloses Materials or other information, including testimony.

F. The term "Receiving Party" means a party in the above-captioned matter, and its affiliates, that receives produced or disclosed Materials or other information, including testimony.

G. "Matter" means the above-captioned matter.

The following provisions shall apply in this Matter:

1. If a Producing Party discloses Materials or other information that the Producing Party believes to be "Confidential Information" subject to this Protective Order, the Producing Party may designate the same as "CONFIDENTIAL." Designation of information as "CONFIDENTIAL" operates as a certification by Counsel that, in the good

2

faith belief of the Producing Party and its Counsel, to the produced information is Confidential Information.

    2.     Whenever a deposition taken on behalf of the Producing Party involves the disclosure of Confidential Information of any party:

        a)     the deposition or portions of the deposition may be designated as containing Confidential Information subject to the provisions of this Order; such designation should be made on the record whenever possible, but the Producing Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; the Producing Party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

        b)     The Producing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel, the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below; and

        c)     The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court or tribunal (whether in this Matter or the Foreign Proceedings) for filing must not be filed unless it can be accomplished under seal (or the equivalent of a sealed filing under applicable law), to the extent permitted by the court or such tribunal.

3. All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this Matter or the Foreign Proceedings, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

4. Information designated "CONFIDENTIAL" may be viewed only by:

   a) All experts and stenographic and clerical employees associated with such experts assisting either any party or non-party in this Matter or the Foreign Proceedings;

   b) Any court or tribunal (including in the Foreign Proceedings) along with its staff and administrative personnel, and where applicable Jurors ;

   c) Any court reporter employed in this Matter or such Foreign Proceedings, as well as their staff;

   d) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this Matter;

   e) Any party or Counsel in this Matter or the Foreign Proceedings;

   f) Professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium to whom disclosure is reasonably necessary for litigation);

g) any other person or entity connected to the Foreign Proceedings to whom disclosure is appropriate or required under the rules of the applicable foreign tribunal.

5. For the avoidance of doubt, it shall not be a violation of this Consent Protective Order for Confidential Information to be exchanged, used or disclosed in connection with the Foreign Proceedings, if such disclosure, use or exchange is required by, or is consistent with, the rules of the applicable foreign tribunal.

6. A receiving party which wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" for a purpose other than this Matter or the Foreign Proceedings must request permission, in writing, from Counsel for the Producing Party. The receiving party's request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" that the Receiving Party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL." If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or Materials designated "CONFIDENTIAL" for a purpose other than this Matter or the Foreign Proceedings within fourteen (14) days of the Producing Party's receipt of such a request, the Receiving Party may move the Court for a ruling on the request. In the event a party files a motion seeking to use Confidential Information and/or Materials designated "CONFIDENTIAL" for a purpose other than this Matter or Foreign Proceedings, the Confidential Information and/or Materials designated "CONFIDENTIAL" shall be submitted to the Court, under seal, for an in-camera inspection. Any Confidential Information and/or Materials designated "CONFIDENTIAL" at issue must be treated as

Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

7. At any stage of these proceedings or the Foreign Proceedings, any party may object to a designation of Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

8. At any stage of these proceedings or the Foreign Proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials. The party must notify, in writing, Counsel for the producing party of the identity of the relevant Materials and the individuals to whom the party wishes to disclose the Materials. If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. In the event any party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

9. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this Matter, it must be used only for purposes of this Matter or the Foreign Proceedings. If the Confidential Information was exchanged between the parties prior to and apart from this Matter for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. In addition, Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

10. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

11. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the Materials as confidential, once the Producing Party so notifies the Receiving

Party. If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" – SUBJECT TO PROTECTIVE ORDER.

12. Nothing within this Order will prejudice the right of any party to object to the production of any Materials or other information on the grounds that the material is protected as privileged or as attorney work product.

13. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this Matter or the Foreign Proceedings and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed in a manner inconsistent with this Order.

14. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

15. Information designated Confidential pursuant to this Order also may be disclosed if:

  a) the party or non-party making the designation consents to such disclosure; or

  b) the Court, after notice to all affected persons, allows such disclosure.

16. Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

17. Within thirty (30) days of the final termination of the later of this Matter or the Foreign Proceedings, including any and all appeals, and to the extent permitted by any regulatory, judicial, or ethical obligations, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of Confidential Information is at the option of the Producing Party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with a court or tribunal that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this Matter or the Foreign Proceedings. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this Matter or the Foreign Proceedings. Counsel may also retain a copy

9

of Confidential Information if and only to the extent required by any court or tribunal in this Matter or the Foreign Proceedings.

18. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or a court or tribunal rules, is already public knowledge; or (c) the parties agree, or a court or tribunal rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

19. The Producing Party may designate as "CONFIDENTIAL" any Materials that were produced by that Party during the course of this Matter without such designation before the effective date of this Order, as follows:

    a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

    b) Upon notice of designation pursuant to this paragraph, parties shall also:

        i. make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and

      ii. take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

    c)    All such designations for Materials produced before the date of this Order must be made within thirty (30) days of the date of this Order.

20.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

21.    This Order may be modified by agreement of the parties, subject to approval by the Court.

22.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

23.    After termination of this Matter, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this Matter.

23.    Any documents (including briefs), tangible things or information designated as CONFIDENTIAL that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia. Specifically, if a party seeks to use information designated as CONFIDENTIAL under this Order in filings before the Court, it is the burden of the designating

party to show "good cause" to the Court why the Confidential Information should be filed under seal.

DATED this[__] day of October, 2024.

                        **HODL LAW, PLLC**

By:     _/s/ DRAFT_____

        Frederick A. Rispoli
        27762 Antonio Parkway
        Suite L-1, No. 232
        Tel: 213-292-5200
        Filing@HodlLaw.org
        *Attorney for Eric Finnerud*


                        **ELSBERG BAKER & MARURI, PLLC**

By:     _DRAFT_____

        Vivek Tata
        1 Penn Plaza
        New York, New York 10119
        Tel: 212-597-2600
        vtata@elsberglaw.com
        *Attorney for nChain*